UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Operating Engineers Local #49 Health and
Welfare Fund and Central Pension Fund of
the International Union of Operating
Engineers and Participating Employers,
Local #49 International Union of Operating
Engineers and Associated General Contractors
of Minnesota Apprenticeship and Training
Program and their Trustees,

                          Plaintiffs,

                          Civ. No. 10-3571 (RHK/AJB)
                          **FINDINGS OF FACT,**
                          **CONCLUSIONS OF LAW,**
                          **AND ORDER**

v.

Hennen Construction Co. and Harold
Hennen, individually,

                          Defendants.

---

This matter came before the Court on Plaintiffs' Motion for Default Judgment and for an Order compelling Defendants Hennen Construction Co. ("Hennen Construction") and Harold Hennen to produce outstanding fringe fund reports to Plaintiffs. A hearing was held on the Motion on November 22, 2010, at which Defendants did not appear.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on August 16, 2010. The Summons and Complaint were personally served on Hennen (who was also the registered agent for Hennen Construction), on August 17, 2010.

2. Hennen Construction and Hennen failed to file and serve a response or

Answer to the Summons and Complaint.

3. The Clerk entered default on September 9, 2010.

4. Plaintiffs are the Trustees and fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program (the "Funds").

5. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

6. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

7. At all times material herein, Hennen Construction was bound to the terms of a Collective Bargaining Agreement between the Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International Union of Operating Engineers, Local No. 49 ("Collective Bargaining Agreement").

8. Hennen also executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Participating Agreement"), which provides that in executing the Participating Agreement, Hennen agrees to bind himself individually to the full and faithful performance of the Participating Agreement in addition to Hennen Construction.

9. The Participating Agreement states that Hennen Construction and Hennen

2

shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Trust Agreement"), and that Hennen Construction and Hennen agree to be bound to the terms of the Trust Agreement.

10. The Collective Bargaining Agreement requires Hennen Construction and Hennen to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by their employees covered by the Collective Bargaining Agreement.

11. The Collective Bargaining Agreement and Trust Agreement require Hennen Construction and Hennen to calculate the contributions due and owing in any given month to the Funds on a report form which must be submitted with their monthly payment to the Funds.

12. The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

13. Hennen Construction and Hennen breached the terms of the Collective Bargaining Agreement by failing to timely submit the required fringe fund reports and contributions for the period of April 2010 through July 2010.

14. Though untimely, Hennen Construction and Hennen ultimately submitted fringe fund reports for the period of April 2010 through July 2010.

15. According to the reports submitted, and by Defendants' own admission,

$11,815.95 was due and owing for delinquent contributions for the period of April 2010 through July 2010.

16. After the Funds filed their Complaint in this matter, Hennen Construction and Hennen submitted partial payments in the amount of $3,050.90 for the period of April 2010 through July 2010, for which they are entitled to a credit.

17. Following the application of this credit, $8,765.05 remains due and owing for delinquent contributions for the period of April 2010 through July 2010.

18. Hennen Construction and Hennen further breached the terms of the Collective Bargaining Agreement by failing to submit the required fringe fund report and contributions for the months of August 2010 through the present.

19. The Funds reasonably believe that Hennen Construction and Hennen employed individuals during the month of August 2010 through the present for whom contributions may be due and owing, and continue to do so.

20. Without the reports, the Funds have no way of determining the amount due to the Funds on behalf of Hennen Construction's employees for the relevant months.

21. The Collective Bargaining Agreement states that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

22. In addition, the Trust Agreement states that an employer is liable for liquidated damages in an amount between five and 15 percent of any contributions submitted on the twenty-fifth day of the month or after.

23. The Collective Bargaining Agreement states that delinquent employers

4

shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

24. The Trust Agreement also states that employers are liable for any attorneys' fees or expenses incurred by the Funds in pursuing collection of delinquent contributions.

## **CONCLUSIONS OF LAW**

25. Hennen Construction and Hennen are in default and the Funds are entitled to entry of a default judgment.

26. Hennen Construction is liable to the Funds for all remaining delinquent fringe benefit contributions and associated liquidated damages due and owing for the period of April 2010 through July 2010, after a credit is applied for payments made after the Funds' initiation of the present action.

27. Upon Defendants' submission of the fringe fund reports for the months of August 2010 through the present, Hennen Construction is liable for all fringe benefit contributions and associated liquidated damages found to be due and owing to all the Funds, while Hennen is jointly and severally liable for all fringe benefit contributions and associated liquidated damages due and owing to the Funds, pursuant to the reports.

28. Hennen Construction and Hennen are liable, in an amount to be determined, for the Funds' reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions.

# ORDER

Based on the foregoing, **IT IS ORDERED** that:

1. Plaintiffs' Motion for Default Judgment is **GRANTED**.

2. Defendants are **ORDERED** to submit the fringe fund reports for the months of August 2010 through the present that correctly identify the hours worked by Hennen Construction's employees pursuant to the Collective Bargaining Agreement. Defendants must submit the required reports to the Plaintiffs' third party administrator, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425 within ten (10) days of the date on which it is served with a copy of this Order.

3. Defendants are liable to Plaintiffs as follows: Hennen Construction Co. is liable to the Funds for all remaining delinquent fringe benefit contributions and associated liquidated damages pursuant to the Collective Bargaining Agreement for the period of April 2010 through the present, following a credit for payments received; Defendant Harold Hennen is jointly and severally liable to the Operating Engineers Local #49 Health and Welfare Fund for delinquent contributions and associated liquidated damages pursuant to the Collective Bargaining Agreement for the period of April 2010 through the present, following a credit for payments received; and Defendants are jointly and severally liable for Plaintiffs' reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions. After receiving the fringe benefit reports, Plaintiffs may file and serve a Motion for Entry of a Money Judgment in the amount they determine Defendants owe for delinquent contributions and liquidated damages, as well

as reasonable attorneys' fees and costs.  Defendants may file and serve a response to Plaintiffs' Motion within ten (10) days of service of Plaintiffs' Motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 22, 2010
s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge